UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 1:25-cr-00118** |
| **VERSUS** | **JUDGE EDWARDS** |
| **SAQUAN JAMES JOHNSON AKA SAYBANGA** | **MAGISTRATE JUDGE PEREZ-MONTES** |

### MEMORANDUM RULING AND ORDER

Before the Court is a *Motion for Stay and Review and Revocation of a Release Order* (R. Doc. 14) filed by the United States of America ("the Government"). Defendant, Saquan James Johnson ("Mr. Johnson"), filed an opposition (R. Doc. 15).[1]

I. **BACKGROUND**

   a. **Procedural Background**

On May 14, 2025, the Government filed an indictment charging Mr. Johnson with one count of Possession of Contraband in Prison.[2] Mr. Johnson's initial appearance was held on May 16, 2025; there, the Government made an oral motion that Mr. Johnson be detained pending trial.[3] Mr. Johnson's detention hearing was held on May 20, 2025. The Government asserted that Mr. Johnson should be detained as he posed a flight risk and a danger to the community. After reviewing the evidence in the record, hearing witness testimony, and the arguments of counsel, the

---

[1] The Court granted the Government's Motion to Stay following a telephone conference with counsel for the parties. R. Doc. 16.
[2] R. Doc. 1; *see also* 18 U.S.C. §§ 1791(a)(2) and (b)(3).
[3] Mr. Johnson was set to be released on May 16, 2025, from incarceration for a prior conviction but was remanded to the custody of the United States Marshal pending his detention hearing for the instant offense.

Magistrate Judge denied the Government's motion to detain Mr. Johnson and ordered his release to the Southern District of New York.[4]

The Government now requests that the order to release Mr. Johnson be revoked and that he be detained without bond. Mr. Johnson opposes the Government's motion and proposes that he be released in the custody of his mother pending trial.

### b. Factual Background

At Mr. Johnson's detention hearing, the Government's witness, a special agent of the Federal Bureau of Investigations ("FBI"), testified that the events giving rise to the charge began when analysts from the Bureau of Prisons ("BOP") became aware of a video posted to YouTube.[5] The analysts identified Mr. Johnson in the video rapping in a USP Pollock cell while holding makeshift "prison knives." Mr. Johnson is also rapping into what appears to be a collection of prison knives meant to look like a hanging microphone. The video also captures Mr. Johnson and his cellmate placing multiple prison knives in the window of their cell.

After discovering this video, USP Pollock staff conducted a search of Mr. Johnson's cell. The search revealed a cell phone in Mr. Johnson's waistband and a prison knife – about nine (9) inches in length. USP Pollock staff reported the incident to the FBI for further investigation. The FBI agent testified that the "prison knife" and cellphone are both considered contraband, and that Mr. Johnson was identified as a leader of a gang operating in USP Pollock. Another USP Pollock official testified that homemade sharpened weapons, such as a "prison knife," have been involved in thirty-eight incidents in the last twelve months; eighteen resulted in hospitalizations and two resulted in death. Additionally, five of the incidents were attempts to harm BOP staff.

---

[4] Mr. Johnson was to begin a term of Supervised Release in the Southern District of New York for his prior conviction.
[5] The video was posted on April 16, 2025. An audio file, overlayed with an image of Mr. Johnson's inmate identification card, was posted on April 15, 2025.

Mr. Johnson's mother testified as a potential third-party custodian. She resides in the Southern District of New York and testified that she works from home and is actively involved in a non-profit support group for incarcerated people. She testified that she is planning to relocate to North Carolina where Mr. Johnson may accompany her, or that she would assist him if he desired to stay in New York.

Mr. Johnson has familial ties in New York, including a minor child and a fiancée; however, he has no familial ties to Louisiana. Mr. Johnson's mother testified that she had no knowledge that Mr. Johnson was affiliated with any gang activity prior to his incarceration. She also has no knowledge of whether Mr. Johnson currently has any gang affiliation.

## II. LAW

A magistrate judge's decision regarding pretrial detention is subject to de novo review by the district judge. 18 U.S.C. § 3145; *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992). Pretrial detention is governed by the standards set forth under the Bail Reform Act, 18 U.S.C. § 3142. Generally, the government bears the burden of showing that the defendant should be detained. 18 U.S.C. § 3142(f). However, in some cases a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). In this case, the rebuttable presumption *does not exist* because the charged offense does not satisfy the conditions outlined in 18 U.S.C. § 3142(e)(2) and (3).

Section 3142(g) provides that a court shall consider four factors in determining whether a defendant poses a risk of flight or a danger to the community: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's history and characteristics;

and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

When detention is based on flight risk, the government must make this showing by a preponderance of the evidence. *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985). When detention is based on the danger posed by the defendant to the community, the government must make this showing by clear and convincing evidence. *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985); *see also* 28 U.S.C.A. § 1343(a)(1). "Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." *United States v. Stanford*, 630 F.Supp.2d 751, 755 (S.D. Tex. 2009) (quoting *United States v. Tortora*, 922 F.2d 880, 888 (1st Cir. 1990)) (cleaned up).

### III.   ANALYSIS

#### a.   Nature and Circumstances of the Charged Offenses

The charge brought against Mr. Johnson is serious. A search of Mr. Johnson and his cell revealed a cellphone and a large knife. The Government produced evidence that Mr. Johnson has a history of violating USP Pollock policy with respect to these forms of contraband and that these items pose a risk to the safety of inmates and staff. The fact that this is not an isolated incident and the fact that it occurred so close to Mr. Johnson's release weighs in favor of detention.

#### b.   Weight of Evidence

Next, the Court must consider the weight of the evidence against Mr. Johnson. A search of Mr. Johnson's cell yielded a cellphone on his person and a 9-inch knife; both items are prohibited contraband in USP Pollock. Mr. Johnson was present when these items were discovered which strengthens the likelihood that the Government could establish possession. Further, the testimony of the FBI agent that the prison knife reflected in the YouTube video was similar to the knife

discovered in Mr. Johnson's cell is evidence that could support the charges against Mr. Johnson. The strength of the Government's evidence weighs in favor of detention.

### c. History and Characteristics of the Defendant

Relevant history and characteristics include "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A).

The Government's witness testified that Mr. Johnson is gang-affiliated and has assumed a leadership role. The FBI agent also testified that, as an inmate of USP Pollock, Mr. Johnson has previously been cited for possession of a weapon (i.e. a makeshift knife) and twice for possession of a hazardous tool (i.e. a cellphone).

The evidence adduced at the hearing revealed that Mr. Johnson does not have an extensive history of criminal offenses. Mr. Johnson has not made any known attempts to escape USP Pollock; he has no record of harming any USP Pollock staff; and he has no record of harming another inmate.

Importantly, Mr. Johnson has no family ties in the area. His mother and proposed third-party custodian, resides more than 1,000 miles away from Alexandria, Louisiana, and he does not have any other community ties to the state. Additionally, Mr. Johnson has no property or residence nor any financial ties to central Louisiana.

The Court notes that Mr. Johnson's mother and proposed third-party custodian appears to be highly qualified and well-suited to care for Mr. Johnson. However, her lack of knowledge about his gang affiliations and her intent to move to North Carolina in the near future cast doubt on her

ability to ensure Mr. Johnson's appearance at future proceedings. This factor narrowly weighs in favor of detention.

### d. Nature and Seriousness of the Danger Posed by the Defendant

As discussed above, the charge brought against Mr. Johnson is serious in nature; so is the danger implied by his actions. The risk posed by Mr. Johnson to himself and others in the USP Pollock facility cannot be understated. Also concerning to the Court is Mr. Johnson's alleged leadership role in a gang that is active inside and outside of the facility.

Given the nature of Mr. Johnson's instant offense, his prior convictions and history of citations while in USP Pollock, and his alleged gang affiliation, this factor weighs in favor of detention.

## IV. CONCLUSION

For the foregoing reasons, the Government has met its burden that there is no condition or combination of conditions that would reasonably assure Mr. Johnson's appearance as required and the safety of the community.

Accordingly,

**IT IS HEREBY ORDERED** that instant motion is **GRANTED**, and the order releasing Mr. Johnson is revoked.

**IT IS FURTHER ORDERED** that Saquan James Johnson will remain in custody pending future proceedings.

**JUDGE JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT COURT**